**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICTOF FLORIDA**

| | |
|---|---|
| VICTORIA CHRISTIAN RUSSELL, | CASE NO. 1:22-CV-23427-JEM |
| PLAINTIFF, | |
| VS. | **MOTION FOR INJUNCTIVE RELIEF AND AN EMERGENCY HEARING** |
| BARON JEFFERSON RUSSELL | |
| ROBERT RUSSELL | |
| LISA RUSSELL | |
| VICKI Q. SMITH | |
| BOBBY LEE SMITH JR. | HEARING |
| FBI AGENT GREGORY PHILLIPS, | |
| Individually, | Date:<br>Time:<br>Place: |
| DEFENDANT(S) | |

1

1. **COMES NOW**, Plaintiff, Victoria Christian Russell, in the above case, by and through the
2. undersigned counsel, filing this Motion to Reopen the case and get a federal injunction against Defendants.
3. The Plaintiff has a great need to reopen the case and shorten the with prejudice period.

4. The defendants have Filed a Stalking Complaint, a motion for Child Support and a Petition for Protection against Domestic Violence against Plaintiff.

5. The Stalking Complaint contains a provision for ten years in prison, for violation of the Complaint against Robert Russell or any of the Defendants.

6. Pursuant to Federal Rules of Civil Procedure 60(b) and 65(a), Plaintiff Victoria Christian Russell respectfully moves this Court to reopen the above-captioned case and grant a preliminary injunction against the listed Defendant(s) to prevent them from proceeding in their sham legal process and doing illegal acts in violation of federal law.

7. This Court dismissed the above-captioned case on December 29, 2022 (the "Dismissal Order"), on the grounds of the "Domestic Relations" exception. However, the Plaintiff contends that this exception does not apply entirely in this case and believes that the case was dismissed prematurely, as demonstrated in Ankenbrandt v. Richards, 504 U.S. 689 (1992), where the Supreme Court recognized exceptions to the domestic relations doctrine. The Amended Complaint was mailed to all Defendants by January 2023.

2

8. The Plaintiff seeks relief from the Dismissal Order pursuant to Federal Rule of Civil Procedure 60(b) due to the complexity of the case and the presence of several issues that require relief only from a Federal court. The Plaintiff also alleges that the Defendant(s) have recently filed yet another court case in Georgia regarding a Stalking Protective Order, which includes false allegations, unclean hands, and is retaliatory in nature. Making this approximately 10 or more court cases in Georgia. The Plaintiff cites the case of Mitchell v. Robert DeMario Jewelry, 361 U.S. 288, 291-292 (1960), which demonstrates that relief under Rule 60(b) may be granted in exceptional circumstances.

1
2
3   9. Rule 65. Injunctions and Restraining Orders
4   (a) PRELIMINARY INJUNCTION.
5   (1) Notice. The court may issue a preliminary injunction only
6   on notice to the adverse party.
7   (2) Consolidating the Hearing with the Trial on the Merits. Before
8   or after beginning the hearing on a motion for a preliminary
9   injunction, the court may advance the trial on the merits
10  and consolidate it with the hearing. Even when consolidation
11  is not ordered, evidence that is received on the motion and
12  87 FEDERAL RULES OF CIVIL PROCEDURE Rule 65
13  that would be admissible at trial becomes part of the trial
14  record and need not be repeated at trial. But the court must
15  preserve any party's right to a jury trial.
16  (b) TEMPORARY RESTRAINING ORDER. (TRO)
17  (1) Issuing Without Notice. The court may issue a temporary
18  restraining order without written or oral notice to the adverse
19  party or its attorney only if:
20  (A) specific facts in an affidavit or a verified complaint
21  clearly show that immediate and irreparable injury, loss,
22  or damage will result to the movant before the adverse
23  party can be heard in opposition; and
24  (B) the movant's attorney certifies in writing any efforts
25  made to give notice and the reasons why it should not be
26  required.
27
28

1  (2) Contents; Expiration. Every temporary restraining order
2  issued without notice must state the date and hour it was issued;
3  describe the injury and state why it is irreparable; state
4  why the order was issued without notice; and be promptly filed
5  in the clerk's office and entered in the record. The order expires
6  at the time after entry—not to exceed 14 days—that the
7  court sets, unless before that time the court, for good cause,
8  extends it for a like period or the adverse party consents to a
9  longer extension. The reasons for an extension must be entered
10 in the record.
11 (3) Expediting the Preliminary-Injunction Hearing. If the order
12 is issued without notice, the motion for a preliminary injunction
13 must be set for hearing at the earliest possible time, taking
14 precedence over all other matters except hearings on older
15 matters of the same character. At the hearing, the party who
16 obtained the order must proceed with the motion; if the party
17 does not, the court must dissolve the order.
18 (4) Motion to Dissolve. On 2 days' notice to the party who obtained
19 the order without notice—or on shorter notice set by
20 the court—the adverse party may appear and move to dissolve
21 or modify the order. The court must then hear and decide the
22 motion as promptly as justice requires.
23 (c) SECURITY. The court may issue a preliminary injunction or
24 a temporary restraining order only if the movant gives security in
25 an amount that the court considers proper to pay the costs and
26 damages sustained by any party found to have been wrongfully enjoined
27
28

1  or restrained. The United States, its officers, and its agencies
2  are not required to give security.
3  (d) CONTENTS AND SCOPE OF EVERY INJUNCTION AND RESTRAINING
4  ORDER.
5  (1) Contents. Every order granting an injunction and every
6  restraining order must:
7  (A) state the reasons why it issued;
8  (B) state its terms specifically; and
9  (C) describe in reasonable detail—and not by referring to
10 the complaint or other document—the act or acts restrained
11 or required.
12 (2) Persons Bound. The order binds only the following who receive
13 actual notice of it by personal service or otherwise:
14 (A) the parties;
15 (B) the parties' officers, agents, servants, employees, and
16 attorneys; and
17 Rule 65.1 FEDERAL RULES OF CIVIL PROCEDURE 88
18 (C) other persons who are in active concert or participation
19 with anyone described in Rule 65(d)(2)(A) or (B).
20 (e) OTHER LAWS NOT MODIFIED. These rules do not modify the
21 following:
22 (1) any federal statute relating to temporary restraining orders
23 or preliminary injunctions in actions affecting employer
24 and employee;
25 (2) 28 U.S.C. § 2361, which relates to preliminary injunctions
26 in actions of interpleader or in the nature of interpleader; or
27
28

(3) 28 U.S.C. § 2284, which relates to actions that must be heard and decided by a three-judge district court.

(f) COPYRIGHT IMPOUNDMENT. This rule applies to copyright-impoundment proceedings.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 23, 2001, eff. Dec. 1, 2001; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

10. If a Temporary Restraining Order is more appropriate under the circumstances Plaintiff seeks and requests that relief against the Acts of Defendants.

11. An emergency hearing is sought in regards to this motion, and the newly filed Amended Complaint of Plaintiff.

12. The Plaintiff asserts a reasonable likelihood of success on the merits of the case. The Plaintiff refers to the case of Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), which establishes the standard for granting a preliminary injunction.

13. The Plaintiff contends that she will suffer irreparable harm if the injunction is not granted due to the recent filing in Georgia, the legal abuse and retaliation allowed by the Superior Court judge, emotional distress, and financial loss. This harm is further exacerbated by the coercive control exercised by the Defendant(s) and the ongoing separation from her children, for whom she was the primary caregiver and provider. The Plaintiff cites the case of eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006), which highlights the importance of demonstrating irreparable harm in granting injunctive relief.

14. The balance of equities tips in favor of the Plaintiff. The harm suffered by the Plaintiff due to the Defendant(s)' abuse of the legal system and the resultant violations of her rights outweigh any inconvenience the Defendant(s) may experience as a result of being enjoined from acting maliciously and abusing the legal process. The case of Amoco Production Co. v. Village of Gambell, 480 U.S. 531 (1987), emphasizes the importance of considering the balance of equities in granting injunctive relief.

15. The public interest would be served by granting the injunction, as it upholds the principles of justice and fairness in the legal process. Additionally, granting the injunction would help prevent the Defendant(s) from engaging in fraudulent activities and misusing the legal system to harm the opposing party. The case of Weinberger v. Romero-Barcelo, 456 U.S. 305 (1982), supports the consideration of public interest in the context of granting injunctions..

16. The Defendant(s) have engaged in a sham legal process and filed frivolous motions in violation of federal law, causing undue burden and expense to the Plaintiff and the judicial system. An injunction is necessary to prevent the Defendant(s) from continuing this conduct and to protect the Plaintiff's rights. The case of Ashcroft v. American Civil Liberties Union, 542 U.S. 656 (2004), illustrates the importance of injunctive relief to protect plaintiffs' rights in the face of ongoing violations.

17. Judge Fears of Monroe County has reemerged in the case and is overseeing all three cases which Plaintiff believes are illegal retaliation and a Violation Of Plaintiff's Civil Rights.

18. Plaintiff has filed a Writ Of Prohibition to the Georgia Court of Appeals and a motion to have the case transferred to Lee County where it rightfully belongs.

19. <u>The Defendants</u>

26. The defendants are, ROBERT WILLIAM RUSSELL, BARRON JEFFERSON RUSSELL, Lisa RUSSELL, VICKI Q. SMITH, BOBBY LEE SMITH JR and Gregory Phillips, who are citizens of Georgia. Agent Gregory Smith works for the Federal Bureau of Investigation and Negligently and purposefully violated the Civil Rights of Plaintiff Professionally and as a Public Official, and personally.

20. For a discussion of Obergefell's equal protection holding, see infra Fourteenth Amendment: Equal Protection of the Laws: The New Equal Protection: Sexual Orientation. Back 12 "If a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest, I should have little doubt that the State would have intruded impermissibly on 'the private realm of family life which the state cannot enter.'" Smith v. Organization of Foster Families, 431 U.S. 816, 862–63 (1977) (Justice Stewart concurring), cited with approval in Quilloin v. Walcott, 434 U.S. 246, 255 (1978). Back 13 Moore v. City of East Cleveland, 431 U.S. 494 (1977) (plurality opinion). The fifth vote, decisive to the invalidity of the ordinance, was on other grounds. Id. at 513. back

From the Congressional Research Service.

21. Plaintiff requests relief from dismissal under federal law, and prays that this Court will enforce federal law for Plaintiff whose federal rights have been violated, and give her a Temporary Restraining Order or an Injunction, so she can at least have some protection against Defendants. Plaintiff has a current Protective Order but Defendants have and are completely disregarding it and it has been difficult to enforce.

22. Plaintiff has prepared two lists. One list is a list of Final Orders in chronological order and includes the Florida and Georgia Court Orders. The other list is a graph of the same orders. After reviewing the lists and the facts, it is clear that the laws have been violated by Defendants and many of the orders issued by the Georgia court are without jurisdiction and void, or illegal.

A. <u>PLAINTIFF SEEKS AN INJUNCTION FOR THE IMMEDIATE RETURN OF HER CHILDREN</u>

23. Plaintiff seeks a fundamental right.

24. Custody of the children should never have been given to Robert Russell even if he was to turn the children over to the grandparents, and an immediate injunction and order for the return of the children is sought. Under Federal Rule of Civil Procedure 64 a person or property may be seized and this remedy is sought for the children of Plaintiff Victoria Christian Russell. This relief is also sought under Florida Family Law Rules, and the applicable statute.

25. While no amount of money can adequately compensate Plaintiff for what she has gone through, three million dollars is sought for the physical and mental anguish Victoria Christian Russell and her children have gone through, as well as Punitive Damages as a jury or judge sees fit. But right now, an Injunction or TRO is sorely needed.

CONCLUSION

26. Being sued can be an uncomfortable situation for anyone, and the Office hoped to avoid this, but the cooperation of a few people were needed and never came, and Plaintiff was forced to take legal action.

27,. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

1
2  Submitted,
3
4     DATED: April 21, 2023,
5
6                                                          By:.  /s/ Thomas Neusom
7                                                          Attorney For Plaintiff
8                                                          4737 N. Ocean Drive, #129
                                                           Fort Lauderdale, FL 33308
9                                                          Tel No. (954) 200-3536
                                                           Bar No. 0037148
10
                                                           Email: tgnoffice34@gmail.com
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE EXHIBITS 1 THROUGH 29 ARE FILED UNDER SEPARATE COVER

**CERTIFICATE OF SERVICE**

Two of the Defendants have been served but not entered the case. The Defendant's will be served as soon as possible, and the proof of service will be filed for this Amended Complaint. But service on Defendant's could be construed as a violation of the Stalking Order against Plaintiff and subject this Plaintiff/Mother to Ten Years in prison, so we must be heard Ex Parte prior to service.

BARON JEFFERSON RUSSELL

Served with Amended Complaint.

ROBERT RUSSELL

Served with Amended Complaint

LISA RUSSELL

Served with Amended Complaint.

VICKI Q. SMITH

Served with Amended Complaint.

BOBBY LEE SMITH JR.

Served Amended Complaint by mail.

FBI AGENT GREGORY PHILLIPS

To be served.